**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHERRY STEVENS,

    Plaintiff,

v.                                          Case No. 11-14695

LIBERTY INSURANCE CORP.,

    Defendant.
                                            /

**ORDER STRIKING PLAINTIFF'S UNTIMELY RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CANCELLING JULY 10, 2012 MOTION HEARING**

Before the court is Defendant Liberty Insurance Corp.'s motion for summary judgment, filed on April 10, 2012. The court scheduled a hearing on the motion for July 10, 2012, and Plaintiff Sherry Stevens's response in opposition was due on May 4, 2012. *See* E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). When no response was filed by June 12, 2012, the court ordered Plaintiff to show cause why Defendant's motion should not be granted for lack of opposition. Plaintiff failed to file a response to the show-cause order, although her counsel did submit a "proposed order" through the court's e-filing system on June 15, 2012, that attempted to explain the delay in responding to the summary judgment motion.[1] Plaintiff finally filed a motion response on June 21, 2012, and Defendant has since filed a reply. The court determines that a motion hearing is not

---

[1]The court's staff informed Plaintiff's counsel via an email on June 15, 2012, that the response to the show-cause order needed to be filed on the court's docket, but Plaintiff's counsel did not comply.

necessary for the disposition of this matter. *See id.* 7.1(f)(2). Because Plaintiff's seven-week delay in responding to the summary judgment motion cannot be attributed to excusable neglect, the court will strike her response as untimely. Defendant has demonstrated that summary judgment is substantively appropriate, so the court will grant its motion.

     Plaintiff's explanation for her delay in responding to Defendant's summary judgment motion is inadequate to excuse her untimely filing. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Even putting aside the fact that Plaintiff has not filed a motion to extend her time for filing a motion response, which itself precludes the court from accepting her untimely filing under the plain language of the rule, Plaintiff cannot establish excusable neglect. Such a determination, which is committed to the discretion of the district court, depends on the balancing of five factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the party requesting an extension, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

     The entirety of Plaintiff's purported response to the court's show-cause order reads as follows:

> The reason why we have not yet submitted a respond [sic] to Motion for Summary Disposition [sic] was that we did not have other evidence to support our position other than the client's affidavit that she made an honest mistake and she was late in supplying our office that information; despite the fact we had continually contact [sic] our client for the same.

This almost incomprehensible explanation appears to allege that Plaintiff's counsel was unable to formulate a response to Defendant's motion because counsel did not have, and Plaintiff did not supply, any evidence to show that summary judgment should not be entered in this case. Not only is this circumstance entirely within Plaintiff's control, it suggests bad faith. If Plaintiff did not have any evidence to support her claim for relief, then she should not have initiated this suit in the first place, and she certainly should not have opposed the entry of summary judgment.

Moreover, the lengthy delay in filing the response prejudiced Defendant and negatively impacted these judicial proceedings. The court had set the summary judgment motion for hearing on July 10, 2012, so Plaintiff's failure to respond until June 21, 2012, curtailed both Defendant's opportunity to file a timely reply, *see* E.D. Mich. LR 7.1(e)(1)(C) ("If filed, a reply brief supporting a dispositive motion must be filed within 14 days after service of the response, but not less than 3 days before oral argument."), and the court's time to consider the motion before ruling upon it. A finding of excusable neglect is therefore not warranted, and the court must strike Plaintiff's response and treat Defendant's summary judgment motion as unopposed. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265 (6th Cir. 2009) (upholding district court's decision to strike response to summary judgment motion as untimely).

Plaintiff is not much better off if the court were to consider her summary judgment response, which numbers just six pages, contains no citations to pertinent legal

3

authority, and includes no evidence to contradict Defendant's factual averments.  In short, whether or not the court strikes Plaintiff's motion response, Defendant has shown that it is entitled to summary judgment on Plaintiff's claim of insurance coverage for a fire that occurred at her home.  When a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show the movant is entitled to it."  Fed. R. Civ. P. 56(e).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.* 56(a).

The uncontested facts of this matter reflect that, when Plaintiff completed her application for insurance with Defendant in July 2010, she attested that there were no delinquent property taxes on the property to be insured.  (Application for Insurance 5, Dkt. # 9-2.)  However, at this time, the 2008 and 2009 property taxes for the property were in fact delinquent, (Szymanski Dep. 7:16-8:7, Feb. 7, 2012, Dkt. # 9-4; Tax Statement, Dkt. # 9-5), although Plaintiff claims not to have known this because the property's previous owner had promised to pay any outstanding taxes with the purchase money Plaintiff paid for the property, (Stevens Exam. Under Oath 99:13-101:11, Oct. 14, 2012, Dkt. # 9-3).[2]  While Defendant issued Plaintiff a policy of insurance over the

---

[2]The only piece of evidence submitted by Plaintiff was her one-page affidavit confirming that she "had assumed that the previous property owner had brought the property taxes current" and she had not "inten[ded] to fill out a fraudulent application." (Stevens Aff. ¶¶ 2, 3, Dkt. # 12-1.)  These allegations are consistent with Defendant's statement of material facts.

4

property, it claims it would not have done so had it known of the delinquent taxes, (Dietrich Aff. ¶ 4, Dkt. # 9-8), and it rescinded the policy in a letter dated December 2, 2010, based on a failure to disclose and/or the misrepresentation of this fact, (12/2/10 Letter, Dkt. # 9-9).

Defendant correctly argues that these facts demonstrate it is entitled to judgment as a matter of law on Plaintiff's insurance claim. Under Michigan law, it is well-settled that a material misrepresentation made in an insurance application entitles the insurer to rescind the policy. *Lash v. Allstate Ins. Co.*, 532 N.W.2d 869, 872 (Mich. Ct. App. 1995) (collecting cases). This holds true even if the misrepresentation is innocent, provided the other party relies upon it. *Id.* (citing *Britton v. Parkin*, 438 N.W.2d 919, 920-21 (Mich. Ct. App. 1989)). Thus, Plaintiff's contention that she was honestly mistaken in her belief that there were no back taxes owed on the property does not help her cause. Defendant presented undisputed evidence that it would not have issued a policy to Plaintiff but for her admittedly false statement that there were no delinquent property taxes, (*see* Dietrich Aff. ¶ 4, Dkt. # 9-8); in fact, Michigan law prohibits the issuance of a home insurance policy to "[a] person whose real property taxes with respect to the dwelling insured or to be insured have been and are delinquent for 2 or more years at the time of renewal of, or application for, home insurance," Mich. Comp. Laws § 500.2103(2)(j). Defendant relied on Plaintiff's misrepresentation regarding the unpaid property taxes, therefore it was lawfully entitled to, and did, rescind her insurance policy. The entry of summary judgment is appropriate. Accordingly,

IT IS ORDERED that Plaintiff's response to Defendant's motion for summary judgment [Dkt. # 12] is STRICKEN as untimely.

5

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 9] is GRANTED.

Finally, IT IS ORDERED that the July 10, 2012 motion hearing is CANCELLED.

      s/Robert H. Cleland           
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner               
Case Manager and Deputy Clerk
(313) 234-5522